case of the morning. Lewis against Illinois State Police 516-0352. Again, for the record, Justice Cates is the other participating man aligned person on this case. She is not able to be here today. She will have the benefit of oral argument and the briefs and the record and will be a part of decision. Good morning. You may please the court. I'm Assistant Attorney General Christina Hanson, representing the intervening respondent appellant, Illinois State Police. Please speak up picked up on the circuit court and granting Mr. Lewis's petition relief early from the denial of this void card and ordering the state police to issue him a void card for two reasons. First, it lacks subject matter jurisdiction over the petition, and second, it lacked authority under the Floyd Act to grant relief to Mr. Lewis, who has a prior felony conviction and is therefore federally prohibited from possessing a firearm. The underlying conviction here, um, was from October 1993 when he pleaded guilty to possession of cocaine, a Class D felony in Vanderbilt County, Indiana. First, under the Floyd Act, Mr. Lewis was required to exhaust administrative remedies, and therefore the circuit court lacked subject matter jurisdiction over his petition. Section 10A of the Floyd Act sets forth a two-tiered system for challenging the denial of a void card application, depending on the reason for the denial. For certain enumerated offenses, the applicant may file a petition directly in the circuit court. For all other offenses, the applicant must appeal to the director of the state police first. Mr. Lewis's Indiana drug conviction is not one of the enumerated offenses, and therefore he was required to appeal to the director, whose decision could then be subject to review pursuant to the administrative review law. And the futility exception to the exhaustion doctrine does not excuse Mr. Lewis's denial of relief from the director. Futility is a limited exception that applies only when it would be patently useless to pursue relief before the administrative agency. It is not enough that the applicant believes that the agency will deny relief. And here, Mr. Lewis made no allegation that the state police had a policy or practice of denying applications without reviewing the particulars of the case. Rather, he relies solely on the litigation position taken by the state police in this case. Under his argument, the futility exception would swallow the exhaustion rule. Finding futility would thwart the policy underlying the exhaustion requirement, which serves to permit an agency to fully develop the record and utilize its expertise in applying the statute that it is charged with administering. And for that reason alone, the circuit court's order should be reversed. But second, even if this court reaches the merits, it should reverse because the circuit court lacked authority under the Floyd Act to order the state police to issue a Floyd card to Mr. Lewis. This case is really a straightforward application of the Floyd Act. By its plain language, Section 10 C4 of the Floyd Act provides that relief from the denial of a Floyd card application is not available when granting a Floyd card would be contrary to federal law. This court in total and every court that has addressed the issue is in agreement that with the addition of Section 10 C4 to the Floyd Act, circuit court and the director do not have the discretion to grant relief to an applicant who is prohibited by federal law from possessing a firearm. And Mr. Lewis here is federally prohibited from possessing a firearm. And he really doesn't appear to dispute that fact. Under Section 922 G of the Federal Gun Control Act, it's unlawful for any person who has been punishable by imprisonment for a term of one year to possess a firearm. And while the Federal Act recognizes a narrow exception to that prohibition in Section 921 A20 for a person whose felony conviction has been expunged or set aside or who has been pardoned or who has had civil rights restored, that exception does not apply here. Here, Mr. Lewis falls within Section 922 G's prohibition because his Indiana drug conviction was punishable by imprisonment of a year. And he has made no showing that his conviction was expunged or set aside, that he has been granted a pardon or that he has had civil rights restored. And it's important to note that in determining whether Section 922 G's prohibition or the exception to that under 921 A20 applies, you look to the law of the convicting jurisdiction. And here, that's Indiana. In particular, with respect to whether civil rights have been restored, it would be under Indiana law whether civil rights have been restored. And you would look to the core civil rights or the big three, the right to vote, the right to sit on a jury, and the right to hold public office. Mr. Lewis has made no showing, and Indiana law does not restore a convicted felon's civil rights. And finally, this court should reject Mr. Lewis's constitutional challenges. As an initial matter, they were forfeited and not properly developed on appeal. But even if the court reaches the merits, it should reject those constitutional challenges. With respect to his Second Amendment challenge, while he suggests that he's under a perpetual ban given the interplay between the Federal Gun Control Act and the Floyd Act, that simply is not the case. He has not presented any evidence that he has availed himself to available mechanisms for relief from his federal firearm prohibition. And second, his argument that denying him relief here violates the separation of powers doctrine also should be rejected. Separation of powers is implicated only when the legislature unduly encroaches on the judiciary sphere of authority. And that's not what happened here. The legislature set statutory restrictions on when persons are prohibited from possessing firearms, and there's no encroachment upon the judiciary's authority to interpret and apply those statutory provisions. For those reasons, I would vacate this urgent court order. Morning, Your Honors. Jim Hansen on behalf of James Lewis. Your Honors, my client has been a law-abiding citizen in the state of Illinois for some 24 years and sought a void card and was denied by the director. The argument has been made that we didn't exhaust our administrative remedies, but in the trial court, it was argued and briefed and admitted by the director that they had no authority to grant my client any relief under the Floyd Act for two reasons. One, that he didn't fit within a enumerated exception to let him go back to the state court, and the primary reason was that he was prohibited under the federal law. The problem with that position was my client, right at that moment, lost the ability to restore his rights in Illinois as a citizen and approached the courts to have that done. This was discussed in great detail in the Supreme Court case of Coram, where a similar but not exactly the same case arose in connection with a citizen who had a domestic battery misdemeanor conviction that excluded him under federal law from being able, and at that time, the statute in effect said, you couldn't have a void card if you had a federal prohibition. That Supreme Court, in affirming the issuance of that void card to this gentleman from Davis County, Mr. Coram, said, we don't have to get to the constitutional issues in this case because there is a mechanism available to him, the court system, to restore those rights. In our case, since then, they amended the statute and basically added a provision, a legislature added a provision that says, you can't go to the circuit courts to restore your rights unless you fit one of these enumerated provisions. And one of those enumerated provisions, if you're honest, these are all in the brief, but they're quite lengthy, so I won't read them all to you, but one of those enumerated provisions is any violation of the Illinois Controlled Substances Act. In other words, if you're an Illinois citizen who has a prior cocaine or drug conviction that has been a qualifying citizen for a number of years, you can file a petition to restore those rights in the circuit court if denied by the director, and the director, by implication, is arguing that it could grant you, it could restore those rights in an administrative hearing. In our case, they're saying they can't restore our rights because there's a federal prohibition, but we know that the court system can restore rights to protect a constitutional protection. In this case, the case has developed through the Heller and some other cases as to a more heightened review of your constitutional right to bear arms. And in this case, that issue comes before you in somewhat of an indirect method. In the Quorum case, to get some instruction, the Quorum case talked about this analysis, and it brought, it cited to a Supreme Court case of, and it's actually quoted from that Supreme Court case, Schrader, and I direct your attention to that because our courts quoted Schrader and said the following, without the relief authorized by 925C, and by the way, 922G1 is the section of the federal statute that says that if you're convicted of a felony for, if punishable by more than a year, you're prohibited from having a firearm. But the, originally they proposed a statute, 925C, that allowed a mechanism whereby citizens of the United States could apply for and get their rights restored under that mechanism. Unfortunately, that was never funded by Congress, and that does not exist. That department does not exist, and that is mentioned in the Supreme Court case whenever they're addressing the issue of whether or not a citizen has a right to petition for and have their rights restored. Specifically in that, our court quoted, without the relief authorized by section 925C, the federal firearms ban will remain vulnerable to a properly raised, as applied, constitutional challenge brought by an individual who, despite a prior conviction, has become a law-abiding responsible citizen entitled to use of arms in defense of hearth and home. In other words, the Supreme Court was saying that you have a constitutional right, if you're, you know, if you're a good citizen long enough, that you have to have a due process right to be able to try to restore those rights, and because Congress didn't fund that, under the facts of Schrader, that was a factor that they addressed, although the Schrader case didn't turn on that particular point, so I can't argue that as dispositive. We probably wouldn't be there in that regard. So, you know, basically my client, working guy, been a citizen, actually worked in the coal mine industry for over 20 years as a, believe it or not, explosives person in the mines, and held for the entire time a federal firearms license for explosives, but the state of Illinois says that we can't even consider whether we give him the right to carry a gun or have supporting goods that were covered by the act in Illinois. So, the position that the state is taking that we have to administratively review this decision denying our original act by the director is futile. They basically said we can't do it in multiple, in fact, before you in their brief, they said we can't do it, so for us to go up there, it would have been a waste of time, and I don't think that should even be up for debate. I mean, I think that's the position, their heartfelt position, and I accept that, and that's why I'm here to argue differently. It also is important to note that this did not involve any kind of a violent crime or a gun, so, I mean, that would be a factor that was considered in reviewing these matters, and the factors that were reviewed in the state court, the same factors that would have been reviewed had my client been convicted of cocaine under Illinois statute. In other words, there's a different review standard that applies, and their argument is that we have to go back to Indiana and have another state restore those rights, and I argue that if our Illinois courts can restore the rights for one citizen, they ought to be able to restore the rights for another citizen using the same factors, and when the legislature amended the statute to say you can't go to the courts to restore your rights, I don't think that ever speaks to your constitutional right to always go to the courts and restore your rights. The argument, these things weren't argued, they were briefed, if you look at the record, they're briefed and discussed in detail in the trial court, and I think, I can't tell you what the judge had in his mind, because basically he denied competing motions, so we had a motion, they had a motion to vacate the order granting the FOIA card, and I had a motion to, I think, to dismiss or strike their pleadings that were both heard at the same time, the judge says, I'm going to deny both of you, somebody with more infinite wisdom is going to have to weigh on this. I don't think he said that exactly, but that was the gist of it. So, if you think about it in terms of the constitutional issues, I direct you back to the Quorum case, where there was some divisiveness between the justices about what they might rule at a later date, but what was said in the Quorum case, and this was quoted in my brief, the Quorum case stated, the Circuit Court, this is talking about the Quorum, the Circuit Court of Adams County has found Quorum to be a person described in Schrader, an individual who, despite being a misdemeanor conviction, has become a law-abiding responsible citizen entitled to the use of arms in defense of hearth and home. Schrader, in part, quoting from Heller, that's the citation. However, as explained thereafter, the constitutional question is one we need not reach. We must consider non-constitutional issues first and consider constitutional issues only if necessary to the resolution of this case. As we construe the interrelated federal and state statutory schemes, Quorum has a remedy, and Illinois, a procedure which entitles him to relief exemption from a disabling effect of 922 G9, which that was the misdemeanor provision, 922 G1 is ours, any other kind of felony. So basically, the Quorum case is saying, because there's a remedy, we don't have to get to the constitutional issues, although they talk about the constitutional issues, but they say they're not ruling on the constitutional issues at the time, because there was a remedy and Mr. Quorum got a FOIA card. It appears to me that the Director is following what the statute that they have, so I don't fault that, because it says you have to appeal to us, but we can't give it to you, and then you can only appeal to the Circuit Court if we deny you in these limited circumstances, none of which fit my client. So while I make an equal protection argument, because one citizen has a cocaine conviction under Indiana law and lives in Illinois, lived here for 25 years, can't request relief from these courts, a person who got a conviction here in Jefferson County can. It may not be the perfect equal protection case, but it has some fairness issues to it, and the second part is that what really should be the focus, I feel, in reviewing the case is whether or not my client is a safe and responsible citizen that's going to contribute to our society and the evidence of what he's done in the past, not some arbitrary, if somebody else did it, that's the problem. Now, there is a third argument that's being made by the stand, but it's that you need to go back to Indiana, and my argument is there's nothing in the cases they cite that ever says that you have to go back to that state. It does say in there that you have to apply the standards of that state in restoring, but all those cases, restoring your rights, all those cases pertain to either a federal prosecution or a sentence enhancement aspect of a federal case. For example, you got arrested for some drug charge, and you had a gun on you, and say, they charged you under some federal statute with possession of a firearm, and these issues come up about whether a person's rights have been restored or not restored, and whether that should be dismissed or not. That's the context that comes up, or enhanced sentencing, if you've been priorly convicted. Were your rights restored or not? Because if they were restored, you get one sentence. If they weren't restored, you get another sentence. Nowhere does it speak to the issue that they're arguing, we got to go back there. I submit to you that Illinois citizens ought to have the right to apply to our courts and get the relief requested. There was nothing presented at the trial court, or even on appeal, that my client is not just as qualified and entitled to receive the benefits of owning a Floyd card as any other person convicted of a drug offense that's 20 years down the road and living a good life. So for those reasons, I ask that you affirm the trial court and direct the director to issue my sentencing orders. Reply? May it please the court, I'd just like to clarify a few points. Because Mr. Lewis' counsel suggests that there's a different procedure if you have one of the enumerated offenses for... You asked me to speak up. Sure, I'm sorry. The suggestion that there's a different standard that underlying conviction is one of the enumerated offenses under Section 10CA that goes directly to the circuit court or the director. I just wanted to clarify how the statute works. If one is petitioning for relief from the denial of an application under Section 10A of the Floyd Act, if it's one of the enumerated offenses, they may file their petition for relief directly in the circuit court. If it's not one of the enumerated offenses, they have to appeal first to the circuit court. The standards under 10C are the same whether the application goes to the director or directly to the circuit court. And the director's decision is still subject to review pursuant to the administrative review law. So it's not that there's no relief, it's that there's a two-tiered system and the procedure that you follow is different depending on whether it's one of the enumerated offenses or not. And I'd also like to point out that Mr. Lewis takes issue with the fact that somebody convicted out of state has to go back to the jurisdiction in which they were convicted. The way that it works is under Section 921C20, the determination of whether someone has a conviction that prohibits them from possessing a firearm under the Federal Gun Control Act is determined by the jurisdiction where the conviction occurred. And so while an Illinois court could look at whether Indiana revoked and restored core civil rights for determining whether there was a qualifying conviction under the Federal Act, the available mechanisms for relief from this Federal firearm prohibition of a pardon and expungement certainly would have to occur in the jurisdiction in which the conviction occurred. And Indiana has an expungement statute. He's made no showing that he's availed himself to that mechanism, nor has he shown that he's availed himself to the mechanism of a pardon. And so his Federal firearm prohibition remains. And pursuant to Section C of the FOID Act, neither the director nor the circuit court had the discretion to grant relief from his Federal firearm prohibition. Thank you. Thank you, Counsel. The court will take the matter under advisement and issue a decision in due course.